JUSTICE TRIEWEILER
dissenting.
¶54 I join Justice Leaphart’s dissent from the Court’s conclusion that § 61-8-314, MCA, does not unconstitutionally delegate legislative authority to an administrative agency. I differ only with his conclusion in ¶ 51 that subsection (4) of that statute grants a private contractor the authority to “set the speed limit in the work or construction zone.” For reasons set forth below, I conclude that the statute delegates that authority only to the Department of Transportation or a local governmental authority.
¶55 I also dissent with the majority’s conclusion that the District Court did not error when it denied the Defendant’s motion for a directed verdict based on insufficiency of the evidence.
¶56 The parties agree, and the majority correctly concludes, “that the state had to prove, among other things, that the DOT and private parties complied with the provisions of § 61-8-314, MCA, to obtain a conviction for speeding in a construction zone.” ¶ 25. However, the majority then ignores the most basic rule of statutory construction by ignoring the expressed language of the statute and omitting the obligations that have been inserted. See § 1-2-101, MCA.
¶57 Section 61-8-314(3), MCA, states that:
The speed limit in a construction zone or in a work zone must be set by the Department of Transportation or the local authority based on traffic conditions or the condition of the construction, repair, maintenance or survey project.
¶58 Subparagraph (4)(a) allows a contractor to “post signs” but provides no authority for the contractor to set the speed limit. Nor is that authority provided in any other part of § 61-8-314, MCA. The statute reserves that authority to the Department of Transportation or “the local authority.”
¶59 Here, the State failed to offer evidence that the Department of Transportation set the speed limit. In fact, the only evidence offered suggests that it did not do so. The State’s principle witness, its supervisor of traffic data collection, testified that he had no knowledge of the DOT establishing any speed limit at the point in question and documents submitted as exhibits suggest that the private contractor in fact established a speed limit different than that recommended by *394 the Department of Transportation.
¶60 Section 61-8-314(4)(ii), MCA, requires that the signs which are posted in a construction zone “indicate the boundaries of the construction zone....” The signs posted in this construction zone did not do so. The majority goes to great lengths in ¶ 34 of its Opinion to indicate all of the signs posted prior to and after the construction zone. However, strikingly absent is any reference to signs which indicated the boundaries of the construction zone. The Department of Transportation and its contractor simply did not comply with that requirement of § 61-8-314, MCA.
¶61 Finally, § 61-8-314(4)(iii), MCA, requires the DOT or its contractor to “display the speed limit in effect within [the construction zone].” Also conspicuous by its absence is any reference in ¶ 34 of the majority Opinion to speed limit signs located within the construction zone. Based on the record before us, there were none.
¶62 The majority criticizes the Defendant, James Mathis, for not offering authority in support of his argument that the State Department of Transportation failed to comply with the provisions of § 61-8-314, MCA. However, the plain language of the statute speaks for itself. No further authority is necessary. Based on the undisputed facts and the plain language of the statute, the Department of Transportation and its contractor failed to comply with its terms.
¶63 For the reasons set forth in Justice Leaphart’s Opinion, with the noted exception, I dissent from the majority’s conclusion that § 61-8-314, MCA, did not unconstitutionally delegate legislative authority to an administrative agency. For the reasons set forth in this Opinion, I dissent from the majority’s conclusion that the State proved that the DOT and its contractor complied with the provisions of § 61-8-314, MCA, and that it, therefore, proved the necessary elements of its charge against the Defendant, James Mathis.
JUSTICE NELSON joins ¶¶ 55 through 62 of the foregoing dissent.